UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In Re:                                                                Case No. 6:22-bk-02258-LVV
                                                                      Chapter 13
ANNA JURAVIN

    Debtor.
_____/

## LIMITED OBJECTION TO MOTION TO WITHDRAW AS COUNSEL

Dennis D. Kennedy, as Chapter 7 Trustee of the Estate of Don K. Juravin and Must Cure Obesity, Co. ("Creditor"), through counsel, objects to the Motion to Withdraw as Counsel filed by Stephen R. Caplan, Esq. as counsel of record for Anna Juravin, and states:

1.    On June 27, 2022, the Debtor commenced this case under Chapter 13 of the Bankruptcy Code.

2.    On August 29, 2022, the Chapter 13 Trustee conducted a 341 meeting of the creditors. Prior to the 341 meeting, the Debtor provided certain documents to the Chapter 13 Trustee. The 341 meeting has not yet been concluded, as the Chapter 13 Trustee requested the Debtor provide certain additional documents for review.

3.    After Creditor requested copies of the documents provided by the Debtor to the Chapter 13 Trustee, the Creditor understands that the Chapter 13 Trustee's general policy is that she will not provide interested parties with copies of documents provided to her by debtors; rather, those documents must be obtained from the debtor either by cooperation from debtor's counsel or by a 2004 notice.

4. Accordingly, on September 9, 2022, the Creditor filed a Notice of Rule 2004 Examination Duces Tecum (Doc. No. 45), seeking the production of the documents the Debtor has and will produce to the Chapter 13 Trustee, along with other documents relating to the Debtor's current income and expenses and her overall financial affairs ("2004 Notice Duces Tecum"). The documents are due on October 7, 2022 at 10:00 a.m. pursuant to the Notice, though Creditor has requested that Debtor provide those documents as soon as practicable. To date, no documents have been provided.

5. The Creditor also attempted to coordinate with Debtor's counsel on a date for a 2004 Examination to obtain the testimony of the Debtor. Debtor's counsel advised that Debtor would likely object to any requests, as well as the requests for documents. Accordingly, the Creditor filed a Notice of 2004 Examination setting the Debtor's deposition on October 18, 2022 at 10:00 a.m. (Doc. No. 61).

6. Consistent with Debtor's counsel's representations, the Debtor filed an Objection to the Notices of 2004 Examinations (and to certain third-party subpoenas the Creditor served on financial institutions) on October 4, 2022. (Doc. No. 66). Debtor takes the position that Creditor cannot take her 2004 examination in connection with this case simply because the Creditor took her 2004 examination over a year ago in connection with her husband and his company's separately pending cases.

7. However, there is no valid basis for any objection. Federal Rule of Bankruptcy Procedure 2004 permits broad examination of "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." The documents requested are well-within

the scope of Rule 2004. Creditors are certainly entitled to examine a Chapter 13 Debtor related to the Debtor's income and expenses.

8. In the event Mr. Caplan is permitted to withdraw prior to the Debtor's production of the requested documents, the Debtor is gaining an advantage in this case. Creditor reasonably anticipates that the Debtor will fail or refuse to provide the requested documents and will attempt to use her pro se status as a means to avoid complying with her obligations under the Bankruptcy Code and Rules. Mr. Caplan's withdrawal as counsel should be conditioned on his facilitation of the production of the financial documents Creditor seeks. Those documents are due on October 7, 2022, so this condition should not be an undue burden on Mr. Caplan or otherwise unreasonably delay his withdrawal from the case. At a minimum, his withdrawal should be conditioned on the provision of all documents the Debtor has provided to the Chapter 13 Trustee to date, along with written confirmation that all such documents have been provided to the Creditor.

WHEREFORE, Dennis D. Kennedy, as Chapter 7 Trustee of the Estate of Don K. Juravin and Must Cure Obesity, Co., objects to the withdrawal of Debtor's counsel and requests that the Court condition the withdrawal of Mr. Caplan as counsel of record for the Debtor as described herein, and grant Creditor such other and further relief as the Court deems just and proper.

/s/*Lauren M. Reynolds*
Bradley M. Saxton, Esquire
Florida Bar No. 0855995
bsaxton@whww.com
Lauren M. Reynolds, Esquire
Florida Bar No. 112141
Lreynolds@whww.com
**Winderweedle, Haines, Ward
 & Woodman, P.A.**
Post Office Box 880
Winter Park, FL 32790-0880
(407) 423-4246

3

(407) 645-3728 (facsimile)
*Attorneys for Dennis D. Kennedy,*
*as Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this motion has been served on October 4, 2022: (i) on all "filing users" through the CM/ECF filing system; and (ii) by first class mail, postage prepaid, to Anna Juravin, 15118 Pendio Drive, Montverde, FL 34756.

/s/*Lauren M. Reynolds*
Lauren M. Reynolds